## Kentucky Midland Coal Company v. Vincent.

(Decided May 22, 1914.)

### Appeal from Muhlenberg Circuit Court.

Personal Injuries—Warning or Notice—May Be Given by One Person as Well as Another.—In an action for personal injuries resulting from an accident in an elevator shaft, it was error to refuse an instruction asked by the defendant to the effect that if the warning or notice against the danger was not given by the foreman of the bank, but was given by another who was in charge of loading and unloading coal, there could be no recovery. The essential thing is that a warning should be given, and

there is no reason why it may not be given by one person as well as another.

TAYLOR & EAVES and BROWDER & BROWDER for appellant.

NEWTON BELCHER and BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action for personal injuries received by appellee while at work in appellant's mine. He recovered a judgment for $2,000, and the company appeals.

Appellant operates in connection with its mine a shaft which is about 180 feet deep, and in this shaft there is an elevator or lift divided into two divisions called the north and south cages; this elevator is operated by machinery at the surface, and is so arranged that when one cage goes up the other comes down; the cages are about 4 or 5 feet wide and 10 or 12 feet long, and have floors which when they are at the bottom are level with the car tracks in the mine, so that coal cars may be put on or removed from the cages. Appellee and one Gish were in charge of the loading and unloading of these cages at the bottom of the shaft, and were known as bottom cagers. Signals are given from the bottom for the lowering or raising of these cages by pulling a bell-cord at the bottom of the shaft which rings a bell in the engine room above.

The cages were known as the north and south cages, and the south cage is used for the purpose of taking employes in and out of the mine as well as for other purposes.

The duties of appellee and Gish required them to work on both the north and south sides of these cages, and the only passage way from one side to the other when a cage was at the bottom was through the floor of the cage.

Appellee was injured late in the afternoon at about "quitting time," and a number of the employes had gathered there for the purpose of being taken out of the mine by the cage. The foreman, Hughes, along with other workmen in the mine was there. Vincent was at work on the north side where the cage was just prior to the time that Hughes gave the signal for the south cage to come down and take the men out, which necessarily meant that the north cage would start up as the south cage started down.

Appellee was injured while in the north cage by the striking of his head against the timbers, which knocked him down, whereby his legs were caught and one broken near the hip and the other mashed or bruised about the ankle.

It is the contention of appellee that the foreman gave the signal without notice or warning to him, and that he had no other way to get from the north to the south side of the shaft except through the floor way of the north cage. And it is the contention of appellant that appellee was given full notice and warning not only by the foreman but by his co-worker Gish, before giving the signal for the cage to move, and that appellee, knowing the cage was about to move or was moving, undertook to go in one end of it and get out at the other before it reached the timbers above, while it was moving.

The appellant earnestly contends that it was entitled to a peremptory instruction, but to this we cannot agree. Three witnesses, including appellee, who were present at the time, and two of whom were very near the foreman, testified in substance that if any warning was given appellee by the foreman they did not hear it, and that they were in position to have heard it. It is quite true that a larger number testified that such warning was given by the foreman, but it is not the province of this court to usurp the functions of a jury and say that the jury should have believed one set of witnesses as against the other although one set gave only negative evidence and the other positive evidence. And for the same reason the contention that the verdict is not supported by the evidence and is flagrantly against the evidence will not be sustained.

The court instructed the jury in substance upon the question of warning or notice that if they believed that the plaintiff "had occasion to and did pass over one of the said cages and that while he was doing so the defendant company's bank-boss negligently caused said cage to be suddenly raised or lifted without any notice or warning to plaintiff" they must find for the plaintiff.

On the trial the appellant asked the court to give an instruction, which was refused, that even if the notice or warning was not given by the bank-boss or foreman, yet if they believed from the evidence that said notice or warning was given by Gish then they must find for the defendant.

The uncontradicted evidence of Gish supported by one or more witnesses is that he (Gish), before the mine foreman is alleged to have warned the plaintiff, told him to stay back and warned him that the signal to move the cage was going to be given. This statement is not denied even by the plaintiff.

Under the instructions as given the jury might well have believed, and doubtless did, that the mine foreman or bank-boss alone was authorized to warn the plaintiff, and that any warning given by Gish was not to be considered by them.

The essential thing is, of course, whether a warning was given which reasonably notified the plaintiff that the signal was about to be given and that the cage was about to move; it cannot be material who gave this warning, and there seems to be no reason why it cannot be given by one person as well as by another whether he be in authority or not.

We are of opinion that the court erred in not making its instruction embrace a warning given by any person to the plaintiff. We perceive no other error; but for the error indicated the judgment is reversed, with directions to grant appellant a new trial, with further proceedings consistent herewith.